■ JOSE N. ESPINAL et al., Respondents, v ASHMED TRANSIT, INC., et al., Appellants. [756 NYS2d 264] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated May 7, 2002, as denied that branch of their motion which was to vacate an inquest held on March 6, 2002, and (2) an order of the same court, dated July 12, 2002, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 7, 2002, is dismissed, as that order was superseded by the order dated July 12, 2002; and it is further,

Ordered that the order dated July 12, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

This appeal is limited to the defendants' goal of reopening the inquest. The defendants are not raising any excuse for their failure to answer in the first place or any objection to the denial of their motion to vacate their default in appearing. The defendants contend that they obtained an adjournment of the March 6, 2002, inquest ex parte from the Judicial Hearing Officer (hereinafter the JHO). The plaintiffs' counsel accuses the defense counsel of misrepresenting to the JHO that he was the attorney for the plaintiffs in securing the adjournment. The defendants offer no documentary evidence that any adjournment was granted although the defense counsel marked the calendar in the hall that the matter was adjourned. The defendants offer no explanation for the absence of this document or a copy thereof. That no adjournment was legitimately granted is demonstrated by the fact that the JHO actually conducted this inquest when the plaintiffs' counsel arrived in court later that morning.

The defendants never demanded notice of the inquest (*see* CPLR 3215 [g] [2]). Although they knew of the scheduled date of the inquest, they waived their participation by leaving the

court before the plaintiffs arrived. When the plaintiffs' counsel appeared, he was unaware that a representative of the defense firm had already been in court and had an ex parte conversation with the JHO. The plaintiffs' counsel was told that someone from his own firm had secured an adjournment. When he resolved that misunderstanding, the inquest proceeded as originally scheduled. Thus, the defendants' conduct, first of engaging in an ex parte communication, and second of leaving before the plaintiffs' counsel arrived, constitutes the sole cause of its being deprived of participation in the inquest. Accordingly, the Supreme Court properly adhered to the determination denying the defendants' motion to vacate the inquest. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.